**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUNE E. ADAMS IRREVOCABLE TRUST DATED 7/21/14 FBO EDWARD ROBERT ADAMS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, VIRGINIA M. ROMETTY, MARTIN J. SCHROETER, JAMES J. KAVANAUGH, ARVIND KRISHNA, BRIDGETTE VAN KRALINGEN, SHANKER RAMAMURTHY, PABLO SUAREZ, SARAH DIAMOND, ALISTAIR RENNIE, MARK ANDREWS, DON INDIA, CHRIS JOHNSTON, and MARK FOSTER,<br><br>      Defendants. | CASE No.: 7:23-cv-00332-VB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE JUNE E. ADAMS IRREVOCABLE TRUST DATED 7/21/14 FBO EDWARD ADAMS TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

Plaintiff June E. Adams Irrevocable Trust Dated 7/21/14 FBO Edward Adams ("Movant" or "Trust") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of International Business Machines Corporation ("IBM" or the "Company") between January 18, 2018 and October 16, 2018, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") and Evangelista Worley LLC  ("EW") as Co-Lead Counsel for the Class.

**INTRODUCTION AND BACKGROUND**

On January 13, 2023, this case was filed against IBM and certain current and former officers and directors of the Company by the Trust. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

IBM ranks among the world's largest information technology companies, providing a wide spectrum of hardware, software, and service offerings. The complaint alleges that Defendants throughout the Class Period made materially false and misleading and/or omitted to disclose that: (1) Strategic Imperatives Revenue growth, CAMSS (the distinct components of "Cloud," "Analytics," "Mobile," "Security," and "Social") and CAMSS components' revenue growth, and the Company's Segments' revenue growth were artificially inflated as a result of the wrongful reclassification/misclassification of revenues from non-strategic to strategic to make those revenues eligible for treatment as Strategic Imperatives Revenue; and (2) IBM was materially less successful in growing its Strategic Imperative business, reporting materially higher growth than it actually achieved only by wrongfully reclassifying and misclassifying revenue from non-strategic to strategic thereby reporting publicly materially false Strategic Imperative Revenue.

Then on October 16, 2018, IBM stock closed at $145.12 per share. After the close of the market that day, IBM issued a press release announcing its preliminary results for 3Q2018. The Company reported revenue of $18.8 billion, down 2 percent and slowing growth in Strategic Imperatives. Recognizing both a revenue shortfall and a slowdown in the growth of Strategic

2

Imperatives Revenue, investors punished IBM stock, bidding it down by $11.07 or 7.6% from the close on October 16, 2018.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that it is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if

necessary. *See* Ex. 2 hereto.[1] Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $716 in connection with purchases of IBM securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in IBM securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[1] Due to an error the Trust's PSLRA certification was not filed with its complaint. The Trust files herewith its PSLRA certification, as Exhibit 2. The Trust filed the earlier *June E. Adams Irrevocable Trust Dated 7/21/2014 FBO Edward Robert Adams v. International Business Machines Corporation, et al.*, case no. 7:22-cv-02831-VB, and filed its substantially similar certification twice in that case including with its lead plaintiff motion in that case (7:22-cv-02831-VB, Dkt. Nos. 1-1 and 13-2). The earlier case was later voluntarily dismissed by the appointed Lead Plaintiff the Iron Workers Local 580 Joint Funds. 7:22-cv-02831-VB, Dkt. No. 38.

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

#### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in IBM securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Further, Edward S. Adams, the trustee of the Trust, is a professor of law at the Minnesota School of Law with over 39 years of investing experience. Professor Adams is an internationally recognized expert in the areas of accounting, corporate finance, corporate law, entrepreneurship, cannabis law, and commercial law. Professor Adams served as Associate Dean for Academic Affairs from 1997 to 2000. He was honored with the Stanley V. Kinyon Teaching and Counseling Award in 1994 and 1996, and was a co-holder of the Julius E. Davis Chair in Law for 1999-2000. Following his graduation *cum laude* from the University of Chicago Law School where he served as Managing Editor of the *University of Chicago Law Review*, Professor Adams clerked for Judge J. Harvie Wilkinson, III of the United States Court of Appeals for the Fourth Circuit and worked in the Chicago and Los Angeles offices of the renowned international law firm of Latham and Watkins, LLP.

Professor Adams is the author of over forty books or editions of books and dozens of articles on business-related issues which have appeared in such prestigious publications as the *University of Chicago Law Review*, the *California Law Review*, the *University of Pennsylvania Law Review*, the *New York University Law Review*, the *Virginia Law Review* and the *Vanderbilt Law Review*. As further recognition of Professor Adams's expertise, Professor Adams has served as a commentator to *Bloomberg Law*, the *BusinessInsider.com*, and other prominent entities and

has had articles published about him and his work in *The New York Times* and other leading newspapers.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and EW as Co-Lead Counsel. The firms have been actively researching Movant's and the Class's claims, including filing this case, reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have extensive histories bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Exs. 4 and 5 hereto. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen

Law and EW as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 14, 2023                     Respectfully submitted,

                                          **THE ROSEN LAW FIRM, P.A.**

                                          */s/ Jacob A. Goldberg*
                                          Jacob A. Goldberg
                                          101 Greenwood Avenue, Suite 440
                                          Jenkintown, PA 19046
                                          Tel: 215-600-2817
                                          Fax: 212-202-3827
                                          jgoldberg@rosenlegal.com

                                          James M. Evangelista
                                          Stuart J. Guber (*pro hac vice forthcoming*)
                                          **EVANGELISTA WORLEY LLC**
                                          500 Sugar Mill Road, Ste. 245A
                                          Atlanta, GA 30350
                                          Tel: 404.205.8400
                                          Fax: 404.205.8395
                                          jim@elawllc.com
                                          stuart@elawllc.com

                                          *[Proposed] Co-Lead Counsel for Lead Plaintiff and Class*